**WO** **JWB**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose Coronado,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Chris Vasques,<br><br>　　　　　Defendant. | No. CV 06-2582-PHX-SMM (MHB)<br><br>**ORDER** |

In this civil rights action brought by a former county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. # 15). Plaintiff responded and Defendant replied (Doc. ## 17, 18). The Court will grant Defendant's motion and terminate this action.

**I.　Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Chris Vasques alleging that Plaintiff's constitutional rights were violated by (1) the denial of a vegetarian diet, which was necessary to Plaintiff's religious exercise; (2) torn mattresses and insufficient bedding and clothes; (3) overcrowding; (4) unsanitary conditions; (5) vermin and insects in the cells; (6) the denial of adequate hygiene supplies; (7) excessive noise from the overcrowding; (8) the denial of a proper eating space; and (9) spoiled meals (Doc. # 1 at 4-6, 8-13).[1] Defendant Vasques was ordered to answer the Complaint and he subsequently filed a Motion to Dismiss

---

[1] The remainder of Plaintiff's claims were dismissed without prejudice for failure to state a claim (Doc. # 5).

on the ground that Plaintiff failed to exhaust his administrative remedies (Doc. ## 3, 15). In support of his motion, Defendant submitted an affidavit of Grievance Officer Jackie Llewellyn (Doc. # 15, Ex. 1).

## II.     Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III.    Analysis

Plaintiff filed a Complaint claiming that various conditions at the Pinal County Jail constituted violations of his constitutional rights (Doc. # 1 at 4-6, 8-13). In his Complaint, Plaintiff alleged that a grievance system does not exist at the Pinal County Jail and that he requested grievance forms, but did not receive any (Doc. # 1 at 4, 13).

In support of his Motion to Dismiss, Defendant submitted the affidavit of Grievance Officer Jackie Llewellyn (Llewellyn Aff., Ex. 1, Doc. # 15). Llewellyn asserted that the Pinal County Sheriff's Office does, in fact, provide a multi-step grievance process for inmates (id. at ¶ 2). She further attested that when an inmate requests a grievance form, he must fill it out and place it in a locked box on the wall of his housing unit (id. at ¶¶ 4-5).

1 Llewellyn averred that she is the only individual with the key to the grievance box (id.).
2 Further, she attested that she has searched Plaintiff's file for records of grievances and that
3 Plaintiff did not file any grievances while in Pinal County custody (id. at ¶¶ 11-12).

4     Plaintiff responded to Defendant's motion (Doc. # 17). Plaintiff's Response consisted
5 of an *ex parte* letter previously sent to Magistrate Judge Burns, which was returned to
6 Plaintiff as improperly filed. Plaintiff resubmitted the letter captioned as an Order.
7 Plaintiff's response claimed that none of his grievances ever made it from the grievance box
8 to the grievance officer (id.). Further, Plaintiff claims that he witnessed the sheriff's staff
9 ripping up grievances. Based on the allegations in his Complaint and in his Response to
10 Defendant's motion, Plaintiff argues there were no "available remedies" to him and therefore
11 he was not required to exhaust his administrative remedies. While it is true that an inmate
12 Plaintiff must only exhaust available remedies, Plaintiff's argument still fails. Plaintiff has
13 not specifically named *any* of the officers who allegedly tore up grievances nor has he
14 described with any degree of specificity what transpired to prevent his grievances from
15 reaching the grievance officer.

16     In light of Plaintiff's generalized allegation that detention officers ripped up
17 grievances—Plaintiff acknowledged that he did not know if any of his grievances were
18 among those allegedly ripped up—and Defendant's evidence that a grievance process existed
19 at the jail for the issues in Plaintiff's Complaint, Defendant has demonstrated that Plaintiff
20 failed to exhaust available remedies with respect to the conditions articulated in Plaintiff's
21 Complaint. Accordingly,

22     **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. # 15) is
23 **GRANTED**, and Plaintiff's action is dismissed without prejudice.

24     DATED this 21st day of August, 2007.

25
26
27                              Stephen M. McNamee
                             United States District Judge
28